IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 08-cr-00165-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. LELAND HINES,
2. KENNETH LOUIS MCGEE, and
3. MIGUEL SANDERS,

      Defendants.

## **ORDER**

      THIS MATTER came before the Court during a hearing on Wednesday, January 28, 2009 on several motions. On December 22, 2008, the Court issued a Minute Order [doc. #118] granting Defendants' various motions for joinder. The following motions with regard to disclosure and discovery were filed on October 24, 2008 and presented by all three Defendants: Motion for Disclosure of Impeaching Information [doc. #78], Motion for Disclosure of Confidential Informants [doc. #80], Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment [doc. #81], and Motion for Discovery [doc. #82]. In addition, on December 12, 2009, Defendant Miguel Sanders filed his Motion to Require the Government to Provide Notice of Proposed Other Act, Habit and Impeachment Evidence and Objection to Same [doc. #109].

With regard to expert testimony, Defendants presented the following motions: Request for Notice of Intent to Call Expert Witnesses and Discovery Pursuant to Rule 16(a)(1)(F) and (G) [doc. #83, filed October 24, 2008], Request for Notice of Intent to Call Expert Witnesses and Discovery Pursuant to Rule 16(a)(1)(F) and (G) [doc. #84, filed October 24, 2008], and Motion Regarding Expert Testimony Concerning Global Positioning System Information [doc. #95, filed November 21, 2008]. In addition, Defendants Leland Hines and Kenneth McGee presented the following motions: Notice of Intent to Call Expert Witnesses, for Discovery Pursuant to Rule 16(a)(1)(D) and (E), and for a *Kumho Tire* Hearing [doc. #102, filed November 21, 2008], and Motion to Exclude Alleged Expert Testimony Regarding GPS Information and to Preserve Right to a *Daubert* Hearing [doc. #103, filed November 21, 2008]. There were also two motions to suppress presented and argued by Defendant Miguel Sanders, and the Court has those motions under advisement. Having considered the motions and responses thereto, the pertinent exhibits, and the arguments advanced at the January 28, 2009 hearing, I enter the following written Order.

With regard to the motions that are the subject of this Order, at the hearing the parties informed the Court that only two issues remained. First, with regard to the Motion for Impeaching Information, the government indicated that it was not willing to disclose juvenile records. Federal Rule of Evidence 609(d) provides that evidence of juvenile adjudications is generally not admissible but that the Court may allow evidence of juvenile adjudications to attack a witness's credibility if its admission "is necessary for a fair determination of the issue of guilt or innocence." In *Davis v. Alaska*, 415 U.S. 308,

319 (1974), the Supreme Court found that the state's interest in keeping juvenile records confidential was outweighed by the defendant's right to confrontation through cross-examination of a prosecution witness.  The Tenth Circuit distinguished *Davis* in *United States v. Williams*, 963 F.2d 1337 (10th Cir. 1992), because the case at hand did not involve the key witness, the witness was not on probation, and there was substantial evidence that had already been introduced to attack the witness's credibility.  *See id.* at 1340-41.  Defendants in this case have provided no authority for the disclosure of such information prior to trial.  Thus, I find that disclosure of juvenile adjudications is not warranted at this time.  However, I order the government to have these records available at rial in the event Defendants re-raise the issue.

The second issue involved Defendants' requests for *Daubert* or *Kumho Tire* hearings.  The government has not yet designated any experts, and accordingly I find that such requests are premature and deny them without prejudice.  I ordered the government to designate its experts and make all required disclosures by March 6, 2009.  Accordingly, it is hereby

ORDERED that Defendants' Motion for Disclosure of Impeaching Information [doc. #78, filed October 24, 2008] is **GRANTED in part and DENIED in part WITHOUT PREJUDICE**.  It is denied to the extent it asks for juvenile records of the government's witnesses prior to trial.  The government shall have these records available at trial.  The government shall disclose all other impeaching information to Defendants not later than **February 6, 2009**.  It is

FURTHER ORDERED that Defendants' Motion for Disclosure of Confidential Informants [doc. #80, filed October 24, 2008] is **GRANTED**. The government shall disclose all relevant and necessary information concerning any confidential informants not later than **February 6, 2009**. It is

FURTHER ORDERED that Defendant's Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment [doc. #81, filed October 24, 2008] is **GRANTED**. The government shall disclose the existence and substance of promises of immunity, leniency, or preferential treatment not later than **February 6, 2009**. It is

FURTHER ORDERED that Defendants' Motion for Discovery [doc. #82, filed October 24, 2008] is **GRANTED**. The government shall produce any remaining discovery, if any, to Defendants not later than **February 6, 2009**. It is

FURTHER ORDERED that Defendant Sanders's Motion to Require the Government to Provide Notice of Proposed Other Act, Habit and Impeachment Evidence and Objection to Same [doc. #109, filed December 12, 2008] is **GRANTED**. The government shall disclose to Defendant Sanders evidence the government may seek to admit against him or his co-defendants pursuant to Federal Rules of Evidence 404(b), 406, or 609(a) or pursuant to a *res gestae* theory not later than **February 6, 2009**. It is

FURTHER ORDERED that Defendants' Request for Notice of Intent to Call Expert Witnesses and Discovery Pursuant to Rule 16(a)(1)(F) and (G) [doc. #83, filed

October 24, 2008] is **GRANTED**.  The government shall designate its experts and make all necessary disclosures to Defendants not later than **March 6, 2009**.  It is

FURTHER ORDERED that Defendants' Request for Notice of Intent to Call Expert Witnesses and Discovery Pursuant to Rule 16(a)(1)(F) and (G) [doc. #84, filed October 24, 2008] is **DENIED AS MOOT**.  It is

FURTHER ORDERED that Defendants Hines and McGee's Notice of Intent to Call Expert Witnesses, for Discovery Pursuant to Rule 16(a)(1)(D) and (E), and for a *Kumho Tire* Hearing [doc. #102, filed November 21, 2008] is **GRANTED in part and DENIED in part WITHOUT PREJUDICE**.  It is granted to the extent it asks for discovery pursuant to Federal Rules of Criminal Procedure 16(a)(1)(D) and (E).  The government shall disclose such discovery to Defendants not later than **March 6, 2009**.  It is denied, without prejudice, to the extent it asks for a *Daubert* or *Kumho Tire* hearing.  It is

FURTHER ORDERED that Defendants Hines and McGee's Motion to Exclude Alleged Expert Testimony Regarding GPS Information and to Preserve Right to a *Daubert* Hearing [doc. #103, filed November 21, 2008] is **DENIED WITHOUT PREJUDICE**.  It is

FURTHER ORDERED that Defendants' Motion Regarding Expert Testimony Concerning Global Positioning System Information [doc. #95, filed November 21, 2008] is **DENIED WITHOUT PREJUDICE**.

Dated: February 3, 2009.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge